THE HENRY CLARK v. O'BRIEN.

(District Court, E. D. Pennsylvania. January 18, 1895.)

No. 88 of 1891.

NAVIGABLE WATERS—PIERS—INJURY TO VESSEL.

Where a vessel, in going out of a harbor, gets out of her course, and is injured by striking a pier, the owner of the pier, though it is an obstruction to navigation, is not liable for the loss, the vessel having been at fault in starting out in the existing state of the wind, sea, and tide, especially without a pilot, and in persisting in her efforts to get out after it had become hopeless, and in not anchoring when driven towards the pier.

Libel by the Henry Clark against Albert H. O'Brien for injury received by striking a pier belonging to defendant.

Lindley M. Garrison, for libelant.

John G. Lamb and Joseph Thompson, for respondent.

BUTLER, District Judge. The schooner, which was two-masted, 102½ feet long, and 25 feet wide, having run into Absecon Inlet,

August 24, 1892, under stress of weather, started out to sea the next morning. Her master was not familiar with the channel, though he had run it once, two years before, and was well acquainted with the coast. He followed another vessel in, and started back without such aid, or the employment of a pilot. When he started the wind was light, and the tide, and a heavy sea, were against him. He encountered difficulty from the start, and, as the wind gradually died down, it materially increased. His course was unsteady and very slow. After beating against the waves for probably two hours, without reaching the sea, the vessel left her course and ran upon a bar, which she crossed into deeper water, towards the shore. After floundering about here for a while she ran against the end of an iron pier, built upon piles, extending from the shore 800 to 1,000 feet into the water. She was seriously damaged by the collision, and subsequently filled and sank. The suit is against the owners of the pier for the loss sustained.

Two questions are raised, first, was the schooner in fault? Second, is the pier an unlawful obstruction to navigation? As respects both, the burden is on the libelant. The pier being distant from her proper course, she must show that the collision was unavoidable or at least that its occurrence was not the result of her fault.

There is much conflicting testimony on this subject; but the weight of it is in my judgment very clearly against the libelant. I believe she was wrong: (1) In starting out in the existing state of the wind, the sea and tide, and especially in doing so without the aid of an experienced pilot; (2) in persisting in her effort to get out, after it had become virtually hopeless, instead of waiting or returning; (3) in not anchoring when driven towards the bar or subsequently when it was passed.

It would be a waste of time to cite and analyze the testimony. As I have said it is conflicting and irreconcilable. After reading what is said by the several witnesses on each side, I am convinced that the statement of Capt. Yates, an experienced pilot, who was an eyewitness of the occurrence, is substantially accurate. The libelant followed him when passing in the evening before, and he watched her the next morning from the time she started, until the collision occurred. Familiar as he was with the channel (living at Absecon) he says he would not have ventured to take her out, at the time; that she was badly handled; and that if her anchors had been dropped as she approached the bar, or after crossing it, they would have saved her. The testimony of Capt. Conover, who also watched her efforts to get out, is substantially the same; and the statements of these witnesses are amply corroborated.

It is unnecessary to examine the second point.